# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:23-CR-00075 |
| v. | (Chief Judge Brann) |
| ELIJAH GAMON, | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 6, 2026

## I.    BACKGROUND

On March 23, 2023, a grand jury sitting in the Middle District of Pennsylvania returned a one-count indictment against Elijah Gamon, charging him with Possession with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code § 841(a)(1).[1] In the run up to the February 2026 trial for this case, the Court issued an Order requiring all motions in limine to be filed by December 8, 2025—with briefs in oppositions due by December 22, 2025.[2] In compliance with that Order, on December 8, 2025, Defendant filed a Motion in Limine to Exclude Reference to Prior Convictions, Wrongs, or Acts of Elijah Gamon.[3]

---

[1]    Doc. 1 (Indictment).
[2]    Doc. 65 ¶ 4.
[3]    Doc. 74.

On December 22, 2025, fourteen days after the deadline to file motions in limine had passed, the Government inexplicably filed two—along with a supporting brief to go with each.[4] Because these motions are in clear violation of my Order setting a deadline for the submissions of motions in limine, both are denied.[5] However, District Courts in the United States Court of Appeals for the Third Circuit have found that subsequent motions in cases can be treated as responses to previous motions, even if styled by litigants as a wholly separate motion.[6] Because both the Government's motions and briefs in support of them can be framed as responses to Gamon's motion in limine and they were filed by the December 22, 2025 responsive brief deadline, the Court will consider them as a combined response to that motion—ergo, a brief in opposition.[7]

---

[4]  Docs. 77–80.

[5]  *See* Doc. 65 ¶ 4. If the government had offered some explanation for the motions tardiness or had filed a motion asking for leave to submit them, as Gamon did when he sought permission to file a second motion to suppress (Doc. 76)—the Court would not have dismissed these motions. But ignoring an Order of this Court cannot and should not stand. Therefore, the Court will use its inherent authority to dismiss both motions in limine filed by the Government. *See United States v. Diaz*, 66 F.4th 435, 443 (3d Cir. 2023) ("Federal courts have certain powers that are not created by statute yet are necessary by virtue of having to manage their dockets and ensuring cases are disposed of properly").

[6]  *See, e.g.*, Burgos v. City of Philadelphia, 270 F. Supp. 3d 788, 798 (E.D. Pa. 2017).

[7]  *See* Docs. 78, 80. Gamon's motion requests the exclusion of "prior convictions, wrongs, or other acts of Elijah Gamon." Doc. 75. As discussed in Section II of this opinion, the Government's first motion in limine and supporting brief addresses specific other acts of Gamon and his second motion in limine and supporting brief addresses prior convictions. *See* Docs. 77–80. Therefore, it is clear that all four of these Government filings provide an indirect response to Gamon's original motion.

## II.    GOVERNMENT'S MOTIONS AND BRIEFING

The Government's first motion in limine and brief in support contends that three acts by Gamon should be admissible at trial under Federal Rule of Evidence 404(b): (1) his 2012 stop by Pennsylvania State Police where a bag in his trunk was found to contain heroin and cocaine, (2) a 2021 instance of fleeing from police at excessive speeds and his arrest following that episode, and (3) a 2022 incident—seven months prior to the actions that caused the present case—of fleeing from police.[8] The Government argues that these events demonstrate the state of mind or motive of Gamon when he allegedly committed the instant offense.[9]

The Government's second motion in limine and brief in support asks the Court to allow the use of Gamon's four state felony convictions for use at trial if he chooses to testify.[10] Those convictions would be used for impeachment and include (1) a 2013 guilty plea and sentence for possession with intent to deliver cocaine in Lehigh County, (2) a 2013 guilty plea and sentence for possession with intent to deliver heroin in Lehigh County, (3) a 2022 guilty plea and sentence for driving under the influence in Lycoming County, and (4) a 2025 guilty plea and sentence for fleeing an officer and intentionally possessing a controlled substance—among other convictions for the same conduct—in Lycoming County.[11]

---

[8]    Doc. 77.
[9]    Doc. 78, at 17-19.
[10]   Doc. 79.
[11]   *See id.*

III.    ANALYSIS

A.    Timing of the Government's Notification Under Rule 404(b)(3)

On December 8, 2025, Gamon specifically requested 404(b)(3) notification of any "crimes, wrongs, or acts" the Government intended to introduce at trial.[12] Unsurprisingly, when Gamon filed his motion in limine that same day "the Government ha[d] not filed a Rule 404(b) notice signaling an intention to seek admission of crimes, wrongs or acts."[13] This led Gamon to argue that if any future notification was filed from the Government, it should be held untimely.[14] That notification ultimately did come in the Government's two motions in limine filed on December 22, 2025—49 days before trial.[15]

Federal Rule of Evidence 404(b)(3)(A) requires the Government to provide "reasonable notice" of any other acts evidence that it intends to use at trial.[16] There is no specific time limitation provided in the Rule, other than a requirement that the notification must be before trial.[17] The "circumstances and complexity of the prosecution" determine what constitutes reasonable notice in any specific case.[18] In

---

[12]  Doc. 72.
[13]  Doc. 75, at 3.
[14]  *Id.*
[15]  Docs. 77, 79.
[16]  FED. R. EVID. 404(b)(3); *see also United States v. Bishop*, No. 23-1735, 2025 WL 3241555, at *2 (3d Cir. Nov. 20, 2025).
[17]  FED. R. EVID. 404(b)(3)(C); *see generally*, FED. R. EVID. 404(b)(3).
[18]  *United States v. Pollard*, No. CR 20-29, 2023 WL 3569857, at *1 (W.D. Pa. May 19, 2023) (quoting *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016)) (internal quotation marks omitted).

most cases, district courts "have found that, reasonable notice under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial."[19]

While the Government seeks to introduce a relatively large quantity of other acts and prior convictions, there is nothing before the Court to support a finding that this case is an unusually complex case. Therefore, there is also nothing to suggest that the normal notice requirements of ten to fourteen days should be cast aside. Here, the Government has provided four times the minimum notice that most courts have required.[20] The Court believes that in a case like the one before the Court, such time is sufficient to meet the demands of Rule 404(b)(3)(A).

## B.     Other Acts Evidence Under Rule 404(b)

Rule 404(a) provides for a fairly strict prohibition against any character evidence being admissible at trial.[21] However, "[t]his prohibition does not prevent evidence of 'other crimes, wrongs or acts' from being admitted 'for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'"[22] The United States Court of Appeals for

---

[19]   *Id.*; *see also United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).

[20]   *See Pollard*, 2023 WL 3569857, at *1; *Long-Parham*, 183 F. Supp. 3d at 750; *Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15.

[21]   FED. R. EVID. 404(a)(1) ("[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

[22]   *United States v. Miah*, 120 F.4th 99, 110 (3d Cir. 2024) (quoting FED. R. EVID. 404(b)(2)).

the Third Circuit has set out an explicit test for determining whether such other acts

evidence is admissible:

> A four-part test governs the admissibility of other-acts evidence under Rule 404(b). Such evidence must: (1) have a proper, non-propensity purpose; (2) be relevant to that non-propensity purpose; (3) satisfy the requirement under Federal Rule of Evidence 403 that its probative value is not substantially outweighed by the risk of unfair prejudice; and (4) be accompanied by a limiting instruction where requested.[23]

It is important to note that "[t]he party seeking admission, here the government,

'must do more than conjure up a proper purpose—they must also establish a chain

of inferences no link of which is based on a propensity inference.'"[24] However, the

Government is correct in noting that "Rule 404(b) is a rule of inclusion rather than

exclusion"  — meaning it favors inclusion.[25] Therefore, this rule only excludes

evidence when there lacks "any other purpose than to show the defendant's

propensity to commit the charged offense.[26]

In the Government's brief in support of its first motion in limine, it provides

in-depth descriptions of all three other acts it seeks to admit.[27] It sets forth that all

three instances will be intended to show either Gamon's motive or state of mind at

the time of the crime—what the Government refers to as "planning, preparation, and

---

[23]  *Id.* (citing *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017)).
[24]  *Id.* (quoting *United States v. Smith*, 725 F.3d 340, 345 (3d Cir. 2013)).
[25]  *United States v. Daraio*, 445 F.3d 253, 263 (3d Cir. 2006) (quoting *United States v. Givan,* 320 F.3d 452, 460 (3d Cir.2003)) (internal quotation marks omitted).
[26]  *Id.*
[27]  *See* Doc. 78, at 5-9.

intent."[28] Motive and these other purposes are commonly accepted non-propensity reasons to admit what would normally be deemed character evidence.[29] But the question of whether the Government is offering these acts to actually show motive or another non-propensity purpose is a separate question. It seems apparent from the Government's arguments that these non-propensity labels are simply pretexts for the blatant propensity purposes for which it seeks to introduce the evidence.

The Government's focus on motive is puzzling. It argues that the other acts will demonstrate Gamon's motive in committing the crime and fleeing from police. But it plainly does not. None of the three previous incidents provides any indication what laid inside of Gamon's mind on the date of his actions related to the instant case. Saying otherwise requires an improper propensity inference.[30] This is demonstrated by the Government's example of the 2022 incident.[31] It contends that because Gamon knew of the drugs in his car during that act, he must have known about them in this incident as well.[32] This is an unmistakable attempt to use propensity logic clothed under the guise of the non-propensity labels of motive or absence of mistake.

---

[28] *Id.* at 17-19.
[29] *United States v. Miah*, 120 F.4th 99, 110 (3d Cir. 2024). After all, many of these purposes, including motive appear in the text of FED. R. EVID. 404(b)(2).
[30] *Id.*
[31] Doc. 78, at 17.
[32] *Id.*

The more pressing problem for the Government is not that its motive rational is a form of pretext, but that it carries the burden to "establish a chain of inferences no link of which is based on a propensity inference."[33] "The proponent must do more than merely pigeonhole the evidence into one of the categories permitted by Rule 404(b)(2), and instead must show that the prior convictions actually prove something other than propensity."[34] It has clearly failed to meet their burden here.

While the Government has identified valid non-propensity purposes for the use of evidence, its brief spends only three pages discussing why these purposes may be applicable to the relevant evidence here—more than one page of which include a string citation to cases that bear little if any relation to the case at hand.[35] Far from establishing a chain of inferences devoid of propensity links, the "chain" that the Government sets forth amounts to no more than the statement that Gamon has previously committed bad acts tangentially similar to the ones before the Court. "Other than its threadbare recitals of Rule 404(b) exceptions, the government has not explained why its proffered non-propensity purposes are of consequence in determining the action."[36] This simply fails to meet the burden required under Rule 404.

---

[33] *Miah*, 120 F.4th at 110.

[34] *United States v. Lackey*, No. 1:17-CR-269, 2019 WL 6468575, at *2 (M.D. Pa. Dec. 2, 2019) (quoting *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)) (internal quotation marks omitted).

[35] Doc. 78, at 17-19.

[36] *Lackey*, 2019 WL 6468575, at *2 (internal quotation marks omitted).

The Government's use of these other acts evidence would require a finder of fact to utilize propensity inferences to be of any use at all. We do not work in a system that punishes defendants for their character or previous other acts. For these reasons, these other acts must be deemed inadmissible in Gamon's trial.[37]

### C.     Previous Convictions under Rule 609

Federal Rule of Evidence 609(a) provides for "evidence of a prior felony conviction to be offered to impeach a testifying witness."[38] But when that witness is the defendant, "the prior conviction is admitted only if the probative value of the evidence outweighs its prejudicial effect to that defendant."[39] This reflects "a reversal of the standard for admission under Rule 403" and "creates a predisposition toward exclusion."[40]

The Third Circuit has established four factors to consider when "when weighing the probative value against the prejudicial effect under this heightened test.

---

[37]  As a final observation on this issue, the Court wishes to note a curious inclusion in the Government's brief. The Government included a paragraph informing the Court that any rulings under Rule 404(b) may only be reversed "when they are clearly contrary to reason and not justified by evidence." Doc. 78, at 14 (internal quotations omitted). The inclusion to review standards in its discussion seems to imply that it would be fine for the Court to rule for the Government on this issue because it's unlikely that the Court would be reversed on an appeal. The Court will not, and does not here, make any decision simply for the reason that it will not get reversed. Rather, the focus of the Court is to correctly resolve whatever issue is before the Court. For the instant motions, that means the Court is only worried about making a correct determination on the admissibility of the evidence and overseeing a just resolution of the pending matter. To imply otherwise in a filing before the Court rather misses the mark of effective advocacy.

[38]  *Caldwell*, 760 F.3d at 286.

[39]  *Id.* (quoting FED. R. EVID. 609(a)(1)(B)) (internal quotation marks omitted).

[40]  *Id.* (internal quotation marks omitted).

These factors include: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant."[41]

### 1. First Factor

"When evaluating the first factor—the kind of crime involved—courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime."[42] "The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness."[43] Drug convictions can be admissible for impeachment purposes under Rule 609.[44] However, "[p]rior convictions for the same or similar crimes are admitted sparingly."[45] This is because "[t]he danger of unfair prejudice is enhanced if the witness is the accused and the crime was similar to the crime now charged, since this increases the risk that the jury will draw an impermissible inference under Rule 404(a)."[46]

---

[41] *Id.* (quoting *Gov't of Virgin Islands v. Bedford,* 671 F.2d 758, 761 n.4 (3d Cir.1982)) (internal quotation marks omitted).

[42] *Id.*

[43] *Id.* (citing 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.06 [3][b] (2d ed.2011)).

[44] *United States v. Murphy*, 172 F. App'x 461, 463 (3d Cir. 2006).

[45] *United States v. Ponder*, No. 4:16-CR-0056, 2017 WL 2633467, at *2 (M.D. Pa. June 16, 2017) (internal quotation marks omitted).

[46] *Id.* (quoting *Caldwell*, 760 F.3d at 287) (internal quotation marks omitted); *see also United States v. Sanders*, 964 F.2d 295, 297–98 (4th Cir.1992) ("Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of

Here, three of the four offered convictions that the Government are markedly similar to the conduct at issue in this case or the charges filed in this case. Two of the previous convictions from 2013 are nearly identical crimes—they are for possession with intent to deliver a controlled substance and the charge under the current indictment is for possession with intent to distribute a controlled substance.[47] Additionally, the 2025 conviction for fleeing or attempting to elude an officer is very similar to the conduct that is likely to be at the center of this trial—Gamon's flee from the police.

Before addressing the issues with those three convictions, it should be noted that the final conviction proffered by the Government is different. The 2022 driving under the influence conviction is of a substantially different kind than the charges Gamon faces today. However, this final conviction shows nothing about Gamon's "propensity for falsehood, deceit or deception."[48] As such, this conviction cannot be admitted under Rule 609 and will be inadmissible at Gamon's trial.[49]

The Government provides a solution to the issues with the two possession with intent to deliver convictions and the fleeing an officer conviction—to "sanitize"

---

similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.").

[47] Docs. 1, 79.

[48] *People v. Stephens*, No. ST-16-CR-377, 2019 WL 1270608, at *3 (V.I. Super. Mar. 13, 2019).

[49] Because this conviction is deemed inadmissible under the first factor, it will not be addressed in the further analysis of the remaining factors. As such, I will refer to three convictions, excluding the driving under the influence conviction, going forward.

the offense by referring to it as a "prior felony" conviction.[50] This sanitized approach solves the Court's concerns with regard to the similarity of the convictions to the charges and conduct at issue in the trial.[51] A sanitized version of the convictions would lead the first factor to favor admission for impeachment purposes and is supported by precedent.[52]

## 2.    Second Factor

The second factor is the age of the conviction. "The age of a conviction may weigh particularly in favor of exclusion where other circumstances combine with the passage of time to suggest a changed character."[53] "For example, a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released

---

[50]    Doc. 80, at 7.
[51]    Because the Court believes this sanitized version alleviates concerns about biasing the jury, I will evaluate the remaining three factors as related to this sanitized version of the convictions.
[52]    *See U.S. v. Cherry*, No. CRIM.A. 10-091, 2010 WL 3156529, at *8 (E.D. Pa. Aug. 10, 2010) (allowing the Government to impeach the Defendant charged with possession of a firearm by a convicted felon with a prior robbery conviction "sanitized of any reference to the use of a firearm; *U.S. v. Faulk*, 53 F. App'x. 644, 645 (3d Cir. 2002) (explaining that permissible questioning typically is limited to the number of convictions, and the nature, time, and date of each; and that the Government generally may not elicit the specific circumstances and details of the conviction.); *U.S. v. Gaston*, 509 F. App'x. 158 (3d Cir. 2013) (affirming the District Court's admission of sanitized prior convictions); *U.S. v. Hursh*, 217 F.3d 761 (9th Cir. 2000) (affirming the District Court's allowance of sanitized Rule 609 evidence).
[53]    *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)) (internal quotation marks omitted).

from confinement or has multiple intervening convictions, both of which could suggest his character has not improved."[54]

While the two possession with intent to deliver a controlled substances charges were close to ten years old at the time this indictment was laid down, the continuation of Gamon's criminal record indicates that this is not a scenario where his character and discretion have improved. Further, the fleeing conviction came after this indictment was levied. Therefore, the age of convictions demonstrates a pattern of conduct that weighs in favor of admission.

### 3. Third Factor

The third factor addresses the importance of the defendant's testimony to his defense at trial. "The fact that a defendant's testimony is important to demonstrate the validity of his or her defense constitutes a factor weighing against the admission of a prior conviction."[55] However, even if the defendant's testimony would be "critical,"[56] a sanitized version of convictions can render this factor neutral.[57] The Government's willingness to sanitize the three convictions here means that in this analysis the third factor is neutral.

---

[54]   *Id.*
[55]   *Id.*
[56]   The Government argues that Gamon's testimony at trial will be essential to the case. *See* Doc. 80, at 12.
[57]   *United States v. Ponder*, No. 4:16-CR-0056, 2017 WL 2633467, at *3 (M.D. Pa. June 16, 2017).

### 4.    Fourth Factor

The final factor concerns the significance of the defendant's credibility to the trial. If Gamon testifies at his trial, his credibility will assuredly be front and center as a critical issue in the case because one of his defenses is likely to be that he had no knowledge of the controlled substances in his trunk.[58] "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction."[59] Given that the three convictions at issue are somewhat probative of credibility,[60] this factors weighs in favor of their admission.

As all four factors either favor admission or are neutral, the probative value of the three sanitized versions of the convictions proffered by the Government outweighs any prejudicial effect to Gamon and they are admissible under Rule 609.

### 5.    Rule 403 Balancing

"Rule 609 evidence may not be admitted if, under Rule 403, the trial court finds that 'its probative value is substantially outweighed by a danger of ... unfair prejudice.'"[61] I conclude that the danger of unfair prejudice is mitigated by the Government's sanitized approach. The Third Circuit has approved of this approach

---

[58]    *See id.* at *4.
[59]    *Caldwell*, 760 F.3d at 288.
[60]    *See United States v. Gaston*, 509 F. App'x 158, 160 (3d Cir. 2013) ("prior drug convictions were probative of his credibility"). It is also logical that a prior conviction for fleeing or attempting to elude an officer could be probative of a witness's credibility.
[61]    *U.S. v. McGavitt*, 532 F. App'x 295, 299 (3d Cir. 2013) (quoting FED. R. EVID. 403).

explaining that the "District Court minimized any prejudice that may have resulted from the admission of the convictions by limiting the government."[62]

## IV.    CONCLUSION

For the foregoing reasons, both of the Governments motions in limine are denied due to the tardiness of their filing, and Gamon's motion in limine is granted in part—as to other acts evidence—and denied in part—as to specific prior convictions.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[62]    *Gaston*, 509 F. App'x at 161 ("The District Court minimized any prejudice that may have resulted from the admission of the convictions by limiting the government to asking about the fact of the conviction and the date of the conviction").